**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-29

UNITED STATES TAX COURT

MICHAEL E. HOUCHIN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30985-12S.              Filed March 31, 2014.

Michael E. Houchin, pro se.

Timothy Shawn Sinnott, for respondent.

SUMMARY OPINION

COHEN, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect at the time that the petition was filed.

The decision to be entered is not reviewable by any other Court, and this opinion

shall not be treated as precedent for any other case.  Unless otherwise indicated, all

section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $4,506 in petitioner's Federal income tax for 2010. The issues for decision are whether petitioner has substantiated deductible vehicle expenses as required under section 274(d) and whether petitioner is liable for self-employment tax.

Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Indiana at the time that he filed his petition.

At the beginning of 2010, petitioner--who previously had worked as a truck driver--was unemployed. During this time, petitioner collected unemployment compensation and also engaged in a business activity of picking up old newspapers and selling them to a recycling company. Petitioner would drive his truck to whatever locations he could find that had available newspapers. Petitioner maintained a mileage log wherein he recorded the date, starting and ending odometer readings, business mileage, and personal mileage for each trip with his truck during 2009 and 2010. By the latter part of 2010, petitioner had secured a job as a truck driver with UPS.

Petitioner's 2010 Form 1040, U.S. Individual Income Tax Return, was prepared by H and R Block. On Schedule C, Profit or Loss From Business, petitioner reported gross income of $1,274, office expense of $142, and car and truck expenses of $17,978, for a net loss of $16,846.

The examination division of the Internal Revenue Service (IRS) disallowed all of petitioner's truck expenses but allowed the office expense. Because of the disallowed car and truck expenses, petitioner's business had a net profit for 2010. Accordingly, the IRS calculated and included self-employment tax of $160 and a self-employment tax deduction of $80 based upon this business income.

On or about August 14, 2012, petitioner submitted his 2009-10 mileage log to the IRS examination division to substantiate his truck expenses. The IRS examination division was unpersuaded by petitioner's mileage log because the entries did not reflect a business purpose or the places where petitioner's business activity occurred. The IRS asked that petitioner provide information regarding the places where he went.

On or about September 18, 2012, petitioner resubmitted his mileage log, having modified it by writing in the places where he guessed he may have gone. Again unpersuaded, the IRS sent to petitioner a notice of deficiency, dated October 30, 2012, reflecting its adjustments to his tax return.

## Discussion

### Car and Truck Expenses

Section 162 allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Taxpayers are required to maintain sufficient records to establish the amounts and purpose of any deductions. Sec. 6001; Higbee v. Commissioner, 116 T.C. 438, 440 (2001); sec. 1.6001-1(a), (e), Income Tax Regs. The taxpayer has the burden of proving his or her deductions claimed. See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), aff'g T.C. Memo. 1972-133.

Petitioner claimed truck expenses of $17,978. Because petitioner's truck is listed property under section 280F(d)(4)(A)(i) or (ii), a deduction for the truck expenses requires additional substantiation. See sec. 274(d). A taxpayer must substantiate by adequate records or by sufficient evidence corroborating the taxpayer's own statement the amount of the expense, the time and place of travel, and the business purpose of the expense. Id.; see also sec. 1.274-5T(b)(6), (c)(1) and (2), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985). While a contemporaneous log is not required, a taxpayer's subsequent reconstruction of his or her expenses does require corroborative evidence with a

high degree of probative value to support such a reconstruction not made at or near the time of the expenditure, in order to elevate that reconstruction to the same level of credibility as a contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra.

Although petitioner provided his 2009-10 mileage log, he nevertheless failed to provide any corroborating receipts or other records that substantiated the statements made in the log. Petitioner's mileage log did not address the business purpose of each trip. Guessing as to where he may have gone in 2010, petitioner added the places of business travel to his log in 2012. The log was thus not contemporaneous, and the reconstruction was not reliable. Although we believe that petitioner had business travel expenses in relation to his recycling business, section 274(d) precludes estimates. See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a)(4), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Because petitioner failed to substantiate the claimed expenses as required by section 274(d), his deductions must be disallowed.

Self-Employment Tax

Section 1401 generally imposes a self-employment tax on the self-employment income of every individual. Individuals whose net earnings from

self-employment equal or exceed $400 during the taxable year are required to report such income.  Sec. 6017.

In his petition, petitioner contends that his recycling of newspapers "was a 'hobby' type of business".  However, petitioner and H and R Block treated the activity as a Schedule C business and used a disproportionate amount of expenses and the resulting net loss to offset other income.  On the basis of the entire record, we have determined that, for 2010, petitioner had self-employment income in excess of $400 after the disallowance of the truck expenses.  Accordingly, respondent is sustained on this issue.

We have considered the other arguments of the parties, and they are not material to our conclusions.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.